## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| JAKETRA BRYANT, on behalf of her minor child C.B. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| CALVARY CHRISTIAN SCHOOL OF COLUMBUS, GEORGIA, INC., | ) ) ) | Civil Action File No. 4:21-CV-00205-CDL |
| Defendant. | ) | |

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Calvary Christian School of Columbus, Georgia (hereinafter referred to as "Defendant"), by and through its undersigned counsel, responds to Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted, and therefore, should be dismissed.

### SECOND DEFENSE

All decisions regarding the placement and/or disciplinary measures or other allegations arising from the private education of minor child, C.B. and the contractual relationship with his mother, Jaketra Bryant, were made in good faith and were based on legitimate, non-discriminatory and valid educational reasons and reasonable factors other than race or disability.

### THIRD DEFENSE

Defendant denies that Plaintiff's or C.B.'s race or disability motivated decisions regarding the placement and/or disciplinary measures or other allegations arising from the private education

of minor child, C.B. and the contractual relationship with his mother, Jaketra Bryant and asserts that it would have reached the same decisions and taken the same actions regarding C.B.'s education regardless of their race or any disability.

## FOURTH DEFENSE

Defendant did not breach any duty that was owed to either Plaintiff Bryant or her minor child, C.B.

## FIFTH DEFENSE

Plaintiff fails to raise a claim under §504 of the Rehabilitation Act.

## SIXTH DEFENSE

Plaintiff's claims are barred to the extent that the doctrines of waiver, estoppel, unclean hands, laches and/or consent apply.

## SEVENTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff consented to the educational placement of minor child, C.B and failed to take advantage of the corrective or therapeutic opportunities suggested by Defendant.

## EIGHTH DEFENSE

Subject to the defenses set forth above, and without waiver of the same, Defendant responds to the individual paragraphs of the Complaint as follows:

## COMPLAINT

The allegations of this unnumbered paragraph set forth the contentions of Plaintiff in this action, which require no response from Defendant. To the extent that one is required, Defendant denies that it violated any of the statutes cited, denies that it has discriminated or deprived Plaintiff or C.B. of any rights and further denies that Plaintiff has stated a cause of action or that

Plaintiff is entitled to any relief.

## INTRODUCTION

Defendant states that these two unnumbered paragraphs are not a "short and plain statement" and not "limited as far as practicable to a single set of circumstances," as required under Rules 8 and 10 of the Federal Rules of Civil Procedure.  Thus, fashioning an answer to these unnumbered paragraphs that complies with the requirements of these Rules is rather difficult. Defendant denies all allegations of discrimination on the basis of race or disability that are contained in these paragraphs.

## PARTIES

1.

Defendant admits Ms. Bryant is an adult African American woman and is the natural and biological mother of minor child, C.B. but is without sufficient knowledge and information to either admit or deny the remaining allegations in paragraph 1 of the Complaint.

2.

Defendant admits that C.B. is an African-American boy enrolled as a student for the 2019-2020 and 2020-2021 school year, denies that he is thirteen years old and is without sufficient knowledge and information to either admit or deny the remaining allegations in paragraph 2 of the Complaint.

3.

Defendant admits the first two sentences in paragraph 3 of the Complaint but denies that it receives state and federal funding for its operations.

## JURISDICTION AND VENUE

Defendant admits that this Court has subject matter over these claims but denies that

Plaintiff has stated a claim under the cited statutes.

## RELEVANT FACTS

4.

In response to the allegations contained in paragraph 4 of the Complaint, Defendant states that C.B. was granted a probationary acceptance pending no major disciplinary infractions for one year, so that he enrolled for the Fall of 2019 in the 6th grade at Calvary School, and denies the remaining allegations of this paragraph.

5.

Defendant admits the allegations contained in paragraph 5 of the Complaint.

6.

Defendant denies the allegations that are contained in paragraph 6 of the Complaint.

7.

In response to the allegations contained in paragraph 7 of the Complaint, Defendant states that its Discovery School Program costs $200 for the first class and $150 for each additional classes and denies the remaining allegations of this paragraph.

8.

Defendant is without sufficient knowledge and information either to admit or deny the allegations of paragraph 8 of the Complaint.

9.

Defendant admits that Jim Koan II is the Calvary School Headmaster and as the Headmaster, Mr. Koan is the senior-most executive management official at the school.  Defendant further states that he has some supervisory and decision-making authority but denies the remaining allegations of paragraph 9 of the Complaint.

4

10.

Defendant admits that Pamela Jones is the Discovery School Director at Calvary School and is the senior management official of the Discovery School Program, a small group based learning program and that she reports to Mr. Koan.  Defendant further states that she has some supervisory and decision-making authority but denies the remaining allegations of paragraph 10 of the Complaint.

11.

Defendant admits that Kelly Cameron is one of five discovery teachers within the Discovery School Program, that she teaches students enrolled in the Program and that she reports to Ms. Jones but denies the remaining allegations of paragraph 11 of the Complaint.

12.

Defendant is without sufficient knowledge and information either to admit or deny the allegations of paragraph 12 of the Complaint.

13.

Defendant denies the allegations contained in paragraph 13 of the Complaint.

14.

Defendant denies the allegations contained in paragraph 14 of the Complaint.

15.

In response to the allegations contained in paragraph 15 of the Complaint, Defendant states that in September 2019 minor child C.B. exhibited frustrated behavior and wholly inappropriate reactions that involved his laptop, but denies the allegations as written as they are incomplete.

16.

In response to the allegations contained in paragraph 16 of the Complaint, Defendant

states that Ms. Bryant met with all of C.B.'s Calvary School teachers in September of 2019 due to disciplinary issues and denies the remaining allegations as written.

17.

Defendant denies the allegations contained in paragraph 17 of the Complaint.

18.

Defendant denies the allegations contained in paragraph 18 of the Complaint.

19.

Defendant is without sufficient knowledge and information to either admit or deny the allegations in paragraph 19 of the Complaint.

20.

Defendant is without sufficient knowledge and information to either admit or deny as to what Ms. Bryant believes she has witnessed but denies that there has been systemic displacement of African-American boys at Calvary.

21.

Defendant denies the allegations contained in paragraph 21 of the Complaint.

22.

Defendant denies the allegations contained in paragraph 22 of the Complaint.

23.

Defendant denies the allegations contained in paragraph 23 of the Complaint.

24.

In response to the allegations contained in paragraph 24 of the Complaint, Defendant states that in March 2020, Calvary School transitioned to virtual learning because of the novel COVID-19 pandemic.

25.

Defendant denies the allegations contained in paragraph 25 of the Complaint.

26.

Defendant denies the allegations contained in paragraph 26 of the Complaint.

27.

Defendant denies the allegations contained in paragraph 27 of the Complaint.

28.

Defendant admits that in May 2020, C.B. received the Faithful Effort award but denies the remaining allegations contained in paragraph 28 of the Complaint.

29.

Defendant denies the allegations contained in paragraph 29 of the Complaint.

30.

Defendant denies the allegations contained in paragraph 30 of the Complaint.

31.

Defendant denies the allegations contained in paragraph 31 of the Complaint.

32

Defendant denies the allegations contained in paragraph 32 of the Complaint.

33.

Defendant denies the allegations contained in paragraph 33 of the Complaint.

34.

Defendant denies the allegations contained in paragraph 34 of the Complaint.

35.

Defendant denies the allegations contained in paragraph 35 of the Complaint.

36.

Defendant denies the allegations contained in paragraph 36 of the Complaint.

37.

Defendant is without sufficient knowledge and information to either admit or deny the allegations contained in paragraph 37 of the Complaint.

38.

Defendant denies the allegations contained in paragraph 38 of the Complaint.

39.

Defendant denies that during the 2020 presidential cycle there were racially charged comments about "blacks" and "gays" discussed amongst students while at the School but are without sufficient knowledge and information to either admit or deny as to what students discussed outside of school.

40.

Defendant denies the allegations contained in paragraph 40 of the Complaint.

41.

Defendant admits that C.B. threw a calculator during class and denies the remaining allegations in this paragraph.

42.

In response to the allegations contained in paragraph 42 of the Complaint, Defendant states that C.B. was disciplined for his inappropriate and explosive behavior in the classroom but denies the remaining allegations as written.

43.

Defendant denies the allegations in paragraph 43 of the Complaint.

44.

Defendant denies the allegations in paragraph 44 of the Complaint.

45.

Defendant denies the allegations in paragraph 45 of the Complaint.

46.

Defendant denies the allegations in paragraph 46 of the Complaint.

47.

Defendant is without sufficient information and knowledge to either admit or deny the allegations of paragraph 47 of the Complaint.

48.

Defendant denies the allegations in paragraph 48 of the Complaint.

49.

Defendant denies the allegations in paragraph 49 of the Complaint.

50.

Defendant denies the allegations in paragraph 50 of the Complaint.

51.

Defendant denies the allegations in paragraph 51 of the Complaint.

52.

Defendant denies the allegations in paragraph 52 of the Complaint.

53.

In response to the allegations in paragraph 53 of the Complaint, Defendant states that all students were informed of the team status.

54.

Defendant admits that there was a meeting in December 2020 with Ms. Bryant and denies the remaining allegations of this paragraph.

55.

Defendant denies the allegations in paragraph 55 of the Complaint.

56.

Defendant denies the allegations in paragraph 56 of the Complaint.

57.

Defendant denies the allegations in paragraph 57 of the Complaint.

58.

Defendant is without sufficient knowledge and information to either admit or deny the allegations in paragraph 58 of the Complaint.

59.

Defendant is without sufficient knowledge and information to either admit or deny the allegations in paragraph 59 of the Complaint.

60.

Defendant denies the allegations in paragraph 60 of the Complaint.

61.

In response to the allegations contained in paragraph 61 of the Complaint, Defendant states that Ms. Bryant requested C.B. to return to the classroom prior to the implementation of his therapy and denies the remaining allegations.

62.

Defendant denies the allegations in paragraph 62 of the Complaint.

63.

Defendant denies the allegations in paragraph 63 of the Complaint.

64.

Defendant denies as written the allegations in paragraph 64 of the Complaint because the allegations are incomplete.

65.

Defendant denies the allegations in paragraph 65 of the Complaint.

66.

Defendant is without sufficient knowledge and information to either admit or deny what Ms. Bryant believes she has witnessed but denies that African American students are treated differently than Caucasian students.

67.

Defendant denies the allegations in paragraph 67 of the Complaint.

68.

Defendant denies the allegations in paragraph 68 of the Complaint.

69.

Defendant denies the allegations in paragraph 69 of the Complaint.

70.

Defendant denies the allegations in paragraph 70 of the Complaint.

71.

Defendant is without sufficient knowledge and information to either admit or deny the allegations in paragraph 71 as to the "expertise of Ready to Learn ABA LLC" but denies that Defendant denied CB "access to the classroom."

72.

Defendant is without sufficient knowledge and information to either admit or deny the allegations in paragraph 72 of the Complaint.

73.

Defendant denies the allegations in paragraph 73 of the Complaint.

74.

Defendant denies the allegations in paragraph 74 of the Complaint.

**COUNT 1:  RACIAL DISCRIMINATION
IN CONTRAVENTION OF TITLE VI**

75.

Defendant incorporates its responses to paragraphs 1 through 74 above in response to the allegations in paragraph 75 of the Complaint.

76.

Defendant admits the allegations in paragraph 76 of the Complaint.

77.

Defendant denies the allegations in paragraph 77 of the Complaint.

78.

In response to the allegations contained in paragraph 78 of the Complaint, Defendant states that Mr. Koan was empowered to institute some changes within the School and that he is empowered to investigate complaints of discrimination but denies the remaining allegations of this paragraph.

79.

In response to the allegations contained in paragraph 79 of the Complaint, Defendant states that Ms. Jones was empowered to institute some changes but denies the remaining

allegations of this paragraph.

80.

Defendant denies the allegations in paragraph 80 of the Complaint.

81.

Defendant denies the allegations in paragraph 81 of the Complaint.

82.

Defendant denies the allegations in paragraph 82 of the Complaint.

83.

Defendant denies the allegations in paragraph 83 of the Complaint.

## COUNT II:  RACIAL DISCRIMINATION
## IN CONTRAVENTION OF SECTION 1981

84.

Defendant incorporates its responses to paragraphs 1 through 83 above in response to the allegations in paragraph 84 of the Complaint.

85.

Defendant admits the allegations in paragraph 85 of the Complaint.

86.

Defendant admits the allegations in paragraph 86 of the Complaint.

87.

Defendant denies the allegations in paragraph 87 of the Complaint.

88.

Defendant denies the allegations in paragraph 88 of the Complaint.

89.

Defendant denies the allegations in paragraph 89 of the Complaint.

## COUNT III:  DISABILITY DISCRIMINATION IN CONTRAVENTION
## OF SECTION 504 OF THE REHABILITATION ACT

90.

Defendant incorporates its responses to paragraphs 1 through 89 above in response to the allegations in paragraph 90 of the Complaint.

91.

Defendant denies the allegations in paragraph 91 of the Complaint.

92.

The allegations of paragraph 92 of Plaintiff's Complaint contain a statement of law, to which a response is not required.  To the extent a response is required, Defendant denies that it is an educational program that receives federal funding.

93.

Defendant is without sufficient knowledge and information to either admit or deny the allegations in paragraph 93 of the Complaint.

94.

Defendant is without sufficient knowledge and information to either admit or deny the allegations in paragraph 94 of the Complaint.

95.

Defendant denies the allegations in paragraph 95 of the Complaint.

96.

Defendant denies the allegations in paragraph 96 of the Complaint.

97.

In response to the allegations contained in paragraph 97 of the Complaint, Defendant states that Mr. Koan was empowered to institute some changes within the School but denies the

remaining allegations of this paragraph.

98.

In response to the allegations contained in paragraph 98 of the Complaint, Defendant states that Ms. Jones was empowered to institute some changes but denies the remaining allegations of this paragraph.

99.

Defendant denies the allegations in paragraph 99 of the Complaint.

100.

Defendant denies the allegations in paragraph 100 of the Complaint.

101.

Defendant denies the allegations in paragraph 101 of the Complaint.

102.

Defendant denies the allegations in paragraph 102 of the Complaint.

**ATTORNEY'S FEES**

Defendant denies that Plaintiff is entitled to attorney's fees or any other relief sought in the Complaint.

**GENERAL DENIAL**

All allegations of Plaintiff's Complaint, which have not been admitted, denied or otherwise responded to above, are hereby denied.

Based on the foregoing, Defendant states that Plaintiff is not entitled to any of the relief prayed for in her Complaint against it;

WHEREFORE, having fully answered, Defendant prays for judgment in its favor and against Plaintiff, to be discharged without costs and to be awarded such costs, attorney's fees and

relief as this Court may deem equitable and proper.

This 20th day of December, 2021.

HARBEN, HARTLEY & HAWKINS, LLP

*s/Hieu M. Nguyen*
Hieu M. Nguyen
Georgia Bar No.: 382526
Reagan G. Sauls
Georgia Bar No. 311422
Aparesh Paul
Georgia Bar No.: 362648

Gateway Professional Center
340 Jesse Jewell Parkway, Suite 750
Gainesville, GA 30501
Telephone: (770) 534-7341
E-mail: hnguyen@hhhlawyers.com
E-mail: apaul@hhhlawyers.com
E-mail: rsauls@hhhlawyers.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of December, 2021, I electronically filed the *Answer to Plaintiff's Complaint* with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

Angelik Edmonds – angie@aedmondslaw.com

HARBEN, HARTLEY & HAWKINS, LLP

*s/Hieu M. Nguyen*
Gateway Professional Center            Hieu M. Nguyen
340 Jesse Jewell Parkway               Georgia Bar No. 382526
Suite 750
Gainesville, Georgia 30501             ATTORNEY FOR DEFENDANT
Telephone: (770) 534-7341
Facsimile: (770) 532-0399
E-mail: hnguyen@hhhlawyers.com

16