UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **JAKETRA BRYANT, on behalf of her minor child C.B.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CALVARY CHRISTIAN SCHOOL OF COLUMBUS, GEORGIA, INC.,**<br><br>**Defendant.** | Civil Action File No. 4:21-cv-205-CDL |

## CONFIDENTIALITY PROTECTIVE ORDER

Plaintiff has served a subpoena on Defendant [Doc. 32-1], requesting the following documents: "The demographic (race, ethnicity), academic (grades, performance), behavioral, and discipline records in whatever format (electronic, paper, etc.) of students within Ms. Kelly Cameron's discovery school classes during the 2020-2021 academic year." [Doc. 32-1.] Plaintiff was agreeable to redacting students' name and instead providing initials. [*Id.*]

Defendant moved to quash that subpoena, objecting in part, that it sought documents protected from disclosure under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, and its accompanying regulations. [Doc. 33.]

On November 17, 2022, the Court quashed the subpoena but found that the requested documents were generally discoverable, subject to FERPA. [Doc. 35.] Because the requested documents are generally protected from disclosure under FERPA, the Court ordered the parties to submit a proposed confidentiality protective order governing the production of those documents. [*Id.*]

Having reviewed the parties' proposed submission, **IT IS HEREBY ORDERED AS FOLLOWS**:

PPAB 8303114v1

I. **FERPA Requirements**

1.

FERPA generally prohibits an educational institution from disclosing or producing a student's personally identifiable information ("PII") from educational records, absent prior, written consent from the affected student (or, in the case of a minor, the affected student's parent). 20 U.S.C. § 1232g; 34 C.F.R. § 99.30.

2.

FERPA defines PII broadly to non-exhaustively include:

  a. The student's name;
  b. The name of the student's parent or other family members;
  c. The address of the student or student's family;
  d. A personal identifier, such as the student's social security number, student number, or biometric record;
  e. Other indirect identifiers, such as the student's date of birth, place of birth, and mother's maiden name;
  f. Other information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty; or
  g. Information requested by a person who the educational agency or institution reasonably believes knows the identity of the student to whom the education record relates.

34 C.F.R. § 99.3 (defining "Personally identifiable information"). Hence, PII includes both direct and indirect identifiers, as well as other information that, alone or in combination with other available information, could be used to identify a student. *Id.*

3.

II. **Production Protocol**

4.

Any FERPA-protected documents produced in response to the subpoena shall be marked "CONFIDENTIAL."

**III.   Use of Documents**

5.

Counsel for the parties may only disclose the FERPA-protected documents, or any PII from a student's educational records, to:

(i)   The parties and their representatives, including clerical, litigation support, and paralegal employees;

(ii)  The parties' insurers; and

(iii) The Court, court personnel, and third-party neutrals in confidential alternative dispute resolution proceedings.

No other disclosure is permitted without written agreement by Defendant's counsel or prior Court order.

6.

Before a party files any document containing FERPA-protected information with the Court, it must, to the extent reasonably practicable, redact all student PII from the document. If the volume of PII is so extensive as to make redaction impracticable, the party shall instead file the document under seal with the Court.

7.

Within 60 days after conclusion of this litigation and any appeal thereof, the documents covered by this Order and all reproductions of documents covered by this Order shall be destroyed, except as this Court may otherwise order or to the extent such information was used as evidence. It shall be the duty of counsel of any party to ensure that any such destruction occurs by any recognized method in the legal community which would preclude any further or unintended disclosure.

8.

This Order is made without any party waiving any objections that it has or will have to the admissibility of evidence.

CONSENTED TO BY:

/s/Angelik Edmonds
Angelik Edmonds
Attorney for Plaintiffs
GA Bar: 650757
Edmonds Law Office of Civil Rights LLC
135 Auburn Avenue NE, Suite B
Atlanta, Georgia 30303
O: 678-404-1239
F: +1 678-623-9090
E: angie@aedmondslaw.com


/s/ Jeffrey R. Daniel (with express permission)
Jeffrey R. Daniel
Counsel for Defendant
Georgia Bar No. 949075
PARKER POE ADAMS & BERNSTEIN LLP
1075 Peachtree Street, Suite 1500
Atlanta, Georgia 30309
Phone: (678) 690-5750
Fax: (404) 869-6972
jeffdaniel@parkerpoe.com


IT IS SO ORDERED this 23rd day of November, 2022.

                                                                             s/Clay D. Land
                                                                             Clay D. Land
                                                                             U.S. District Judge