IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

JAKETRA BRYANT on behalf          :
of her minor child C.B.,          :
                                  :
          Plaintiff,              :
vs.                               :   CASE NO. 4:21-CV-205 (CDL)
                                  :
CALVARY CHRISTIAN SCHOOL          :
OF COLUMBUS GEORGIA, INC.,        :
                                  :
          Defendant.              :
_____ :

## ORDER

Presently pending before the Court is *pro se* Plaintiff Jaketra Bryant's motion for leave to appeal *in forma pauperis* ("IFP") (ECF No. 72) from the Court's August 7, 2023, Order (ECF No. 63) granting Defendant's Motion for Summary Judgment (ECF No. 49).  For the following reasons, the Court **DENIES** Plaintiff's motion (ECF No. 72).

Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize an appeal of a civil action or proceeding without prepayment of fees or security therefor if the putative appellant has filed "an affidavit that includes a statement of all assets" and "state[s] the nature of the . . . appeal and [the] affiant's belief that the person is entitled to redress."

Federal Rule of Appellate Procedure 24 similarly requires

a party seeking leave to appeal IFP to file a motion and affidavit that establishes the party's inability to pay fees and costs, the party's belief that she is entitled to redress, and a statement of the issues which the party intends to present on appeal.  Fed. R. App. P. 24(a)(1).

Even if Plaintiff could bring her appeal in good faith, Plaintiff has failed to satisfy the requirement of poverty. A district court has wide discretion in determining whether to grant an applicant's motion to proceed IFP.  In exercising this discretion, a district court must determine "whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation marks and citation omitted).  While an applicant for IFP status need not show that she is "absolutely destitute," she must sufficiently establish that she "is unable to pay for the court fees and costs, and [is unable] to support and provide necessities for [herself] and [her] dependents." *Id.* (citations omitted).

A review of Plaintiffs' Affidavit in support of her motion to proceed IFP shows a discrepancy between Plaintiff's averred monthly income.  In one location, Plaintiff avers that she has an average monthly income of $2,000, and in

another location, Plaintiff avers that she has an average monthly income of $1,500. Appl. to Proceed IFP 2. Plaintiff also avers that she expects her income to be $1,700 next month. *Id.* Seeing no deductions listed in her income sources from the $2,000 figure, the Court finds that Plaintiff's current average monthly income is $2,000, and her expected income next month will be $1,700. These amounts exceed the 2023 Poverty Guideline of $19,720, or $1,643 per month, for a two-person household.[1] *See* 2023 HHS Poverty Guidelines, 88 Fed. Reg. 3424, 3424 (Jan. 19, 2023). Further, her home has a value of $239,000. Appl. to Proceed IFP 3.

Plaintiff's motion for leave to appeal IFP (ECF No. 72) is accordingly **DENIED**. If Plaintiff wishes to proceed with her appeal, she must pay the entire $505 appellate filing fee. Checks should be made payable to "Clerk, U.S. District Court."

**SO ORDERED**, this **4th** day of **October, 2023.**

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] Plaintiff states that she has a fifteen-year-old son. Appl. to Proceed IFP 4.